HAMILTON CROSS, PLAINTIFF-RESPONDENT, v. COUNTY OF BERGEN, DEFENDANT-APPELLANT.

Submitted October 28, 1938—Decided January 13, 1939.

For the plaintiff-respondent, *Insley, Decker & Cross* (*William E. Decker*).

For the defendant-appellant, *Walter G. Winne*.

The opinion of the court was delivered by

CASE, J.   The appeal is from a judgment by the plaintiff against the defendant in the amount of $2,607.58 summarily entered in the Bergen County Circuit Court subsequent to the striking of defendant's answer upon the ground that the answer was partially sham and partially frivolous.   Plaintiff is and has been since June 27th, 1933, judge of the District Court of the Fourth Judicial District of the county of Bergen and judge of the Small Claims Court within the said district. The respective statutory salaries are $3,500 and $600, making together an annual statutory salary of $4,100 to which plaintiff claims to have been entitled and parts of which were withheld by the county treasurer at the instance of the County Board of Chosen Freeholders from the time of plaintiff's appointment to December 31st, 1936.   Plaintiff sues for the difference between the salary amounts actually paid him and

the statutory figure. This is, in general, a companion case to *Vander Burgh* v. *County of Bergen*, 120 *N. J. L.* 444. The actions were started within a few days of each other; the complaints and the answers and separate defenses are, with the exception of name, date and amount sued for, identical. The Bergen County Circuit Court struck the answer in each case as sham and frivolous, and judgments were entered accordingly. At that stage the Cross suit was retarded and the Vander Burgh suit advanced with a stipulation that such decision as might be made on the appeal of the latter would, by reason of the similarity in the cases, be dispositive of the issues of the former, saving, however, the questions of agreement and waiver. The decision in the Vander Burgh case went upon such grounds that the plaintiff herein concluded that he was not bound by the stipulation; wherefore the defendant county prosecutes the appeal. The legal discussion and details of most of the controlling facts will be found in the cited decision.

Judge Cross came into office June 27th, 1933. His statutory salary and the amount actually paid to him during the balance of the calendar year were the same as those of his predecessor and of the other District Court judges in the county. Not only did he at the beginning receive the reduced compensation without remonstrance, but on September 20th, 1933, he wrote to the county board that he "would accept any cut that the board deemed necessary at that time in the interest of economy, for the months of September, October, November and December, 1933," reserving action after January 1st, 1934. At the beginning of the year 1934 he informed the board that he would take any reduction it felt was necessary but would not accept any reduction not made general for employes in the county. To what extent the reductions differed in amount or failed in being general is not made known, but it is conveyed to us by stipulation that the reduction charged against the plaintiff was in excess of the general reduction made throughout the list of county employes. Plaintiff, as judge, certified the payroll of his department, including his own salary, stating the statutory amount but

showing the reduced figure as the actual sum to be paid, throughout the period sued for. He received and retained the salary payments as and when made and receipted for them without remonstrance or restriction except that during the year 1934 his signature evidencing the payment was followed by the words "without prejudice."

The motion to strike was returnable July 2d, 1937, was accompanied by no proofs and was decided on or prior to the 10th of December, 1937, when the attorneys were informed that the answer would be stricken. Thereafter, as a basis for the assessing of damages, plaintiff submitted his affidavit setting forth the basic salary. No objection, however, is raised to that procedure.

We conclude that the defenses set up in the answer were available to the defendant under our holdings in *Vander Burgh* v. *County of Bergen, supra; Harley* v. *Passaic County,* 121 *N. J. L.* 44; *Orlando* v. *Camden County,* 121 *Id.* 46; *Freeman* v. *Passaic County,* 121 *Id.* 48, and *La Corte* v. *Union County,* 121 *Id.* 158; that as to all of the payments except for the year 1934 the questions of waiver and estoppel should be resolved against the plaintiff by the court; but that the reservation with which the plaintiff accepted the 1934 payments, particularly in the light of the advance notice given by the plaintiff to the defendant and in the absence of an inclusive agreement, makes the effective application of those principles to that year a matter of fact for determination by a jury. The issue arose under the practice as it formerly was and not under chapter 189, *Pamph. L.* 1938.

The judgment below will be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ.   16.